## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY | CIVIL ACTION LAW |
| Plaintiff | NO. |
| v. | |
| NORTH SHORE PUB, LLC D/B/A MCFADDEN'S PITTSBURGH | |
| Defendants | |

### PLAINTIFF ADMIRAL INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT AGAINST DEFENDANT NORTH SHORE PUB, LLC D/B/A MCFADDEN'S PITTSBURGH

Plaintiff Admiral Insurance Company ("Admiral"), by and through its counsel, Goldberg Segalla, LLP files this Declaratory Judgment Complaint against Defendant North Shore Pub, LLC d/b/a McFadden's Pittsburgh ("North Shore") and avers as follows:

**I.      The Parties**

1.      Admiral is a Delaware corporation with its principal place of business at 7233 E. Butherus Drive, Scottsdale, Arizona.

2.      Upon information and belief, North Shore is a Pennsylvania Limited Liability Company with its principal place of business at 211 N Shore Dr, Pittsburgh, PA 15212.

3.      Upon information and belief, none of North Shore's members or those whose citizenship may be attributed to North Shore's members are citizens of Delaware.

4.      Upon information and belief, none of North Shore's members or those whose citizenship may be attributed to North Shore's members are citizens of Arizona.

**II.     Jurisdiction and Venue**

5.      The Court has jurisdiction over this dispute according to 28 U.S.C. § 1332.

6.      Based upon information and belief, Admiral is diverse in citizenship from North Shore.

7.      As a domiciliary of Pennsylvania, North Shore is subject to general personal jurisdiction in Pennsylvania.

8.      North Shore also availed itself of Pennsylvania's jurisdiction by conducting business or other transactions in Pennsylvania of sufficient quality and quantity to be subject to specific personal jurisdiction in Pennsylvania.

9.      This litigation arises from an insurance coverage dispute related to claims for coverage alleged in a lawsuit in which North Shore is a defendant in litigation commenced by John Olexsovich ("Olexsovich") pending in the Allegheny County Court of Common Pleas under docket number 23-GD-9397 (the "Olexsovich Action"). A copy of the complaint filed in the Olexsovich Action (the "Olexsovich Complaint") is attached to this complaint as Exhibit A.

10.     In the Olexsovich Complaint, Olexsovich contends that he suffered personal injuries that, upon information and belief, allegedly caused damages in excess of $75,000.

11.     Therefore, upon information and belief, the damages alleged in the Olexsovich Action exceed $75,000.

12.     Admiral issued an insurance policy to North Shore with limits of insurance exceeding $75,000.

13.     This Court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201.

14.     Venue in the United States District Court for the Western District of Pennsylvania is proper because North Shore's principal place of business is located in the

Commonwealth of Pennsylvania in a county identified by 28 U.S.C. § 118 and pursuant to 28 U.S.C. § 1391(b)(1) as defined by 28 U.S.C. § 1391(c).

15.     Further, a substantial part of the events giving rise to Admiral's cause of action arose in this venue, including delivery of an insurance policy by Admiral to North Shore, and Olexsovich filed the Olexsovich Action in Allegheny County.

16.     Thus, venue is also appropriate under 28 U.S.C. § 1391(b)(2).

**III.     The Allegations in the Olexsovich Complaint**

17.     The Olexsovich Complaint alleges that on April 1, 2023 and into the early morning of April 2, 2023, Olexsovich and several of his friends were patrons at North Shore. *See* Exhibit A at ¶ 3.

18.     Allegedly, Olexsovich and his friends purchased food and drinks from North Shore until the business closed on April 2, 2023, at approximately 2:00 a.m. when they paid for their food and drinks and proceeded to leave the establishment. *Id.* at ¶¶ 5, 7.

19.     Olexsovich alleges that, while waiting outside of North Shore, Olexsovich was struck in the back of the head in a playful manner by a friend, after which, Olexsovich and his friend began roughhousing with one another. *Id.* at ¶ 8.

20.     Allegedly, without warning, North Shore's security guards came out of the bar and took it upon themselves to intervene in the roughhousing. *Id.* at ¶ 9.

21.     Olexsovich alleges that "security tackled him to the ground on concrete" and "chased his friend away." *Id.*

22.     Olexsovich alleges that, when North Shore's personnel injured him, Olexsovich had already left North Shore's property. *Id.* at ¶ 14.

23.     According to the Olexsovich Complaint, before North Shore's staff allegedly injured him, Olexsovich had not engaged in any conduct that would have given

North Shore's security any reason to believe that Olexsovich was a threat to the safety of anyone at, in, or near North Shore's property. *Id.* at ¶ 15.

## IV.    **The Admiral Policy**

24.    Admiral issued policy number CA000041842-02, effective May 7, 2022 to May 7, 2023, to North Shore (the "Policy"). Admiral attaches a copy of the Policy as Exhibit B to this Complaint.

25.    The Policy provides Commercial General Liability Coverage according to the terms of Form CG 00 01 04 13 (the "CGL Coverage Form"), as modified by endorsement.

26.    The CGL Coverage Form includes the following under Section I, Coverage A – Bodily Injury and Property Damage:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.    Insuring Agreement**
>
> > **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
> >
> > > **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
> > >
> > > **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

4

No other obligation or liability to pay sums or
perform acts or services is covered unless
explicitly provided for under Supplementary
Payments – Coverages **A** and **B.**

**b.**    This insurance applies to "bodily injury" and
"property damage" only if:

**(1)**    The "bodily injury" or "property
damage" is caused by an "occurrence"
that takes place in the "coverage
territory";

**(2)**    The "bodily injury" or "property
damage" occurs during the policy period;
and …

\* \* \*

27.    The CGL Coverage Form sets forth the following regarding Supplementary

Payments:

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

**1.**    We will pay, with respect to any claim we investigate or
settle, or any "suit" against an insured we defend:

**a.**    All expenses we incur.

**b.**    Up to $250 for cost of bail bonds required
because of accidents or traffic law violations
arising out of the use of any vehicle to which the
Bodily Injury Liability Coverage applies. We do
not have to furnish these bonds.

**c.**    The cost of bonds to release attachments, but only
for bond amounts within the applicable limit of
insurance. We do not have to furnish these bonds.

**d.**    All reasonable expenses incurred by the insured
at our request to assist us in the investigation or
defense of the claim or "suit", including actual
loss of earnings up to $250 a day because of time
off from work.

**e.**    All court costs taxed against the insured in the
"suit". However, these payments do not include
attorneys' fees or attorneys' expenses taxed
against the insured.

**f.**    Prejudgment interest awarded against the insured
on that part of the judgment we pay. If we make
an offer to pay the applicable limit of insurance,

we will not pay any prejudgment interest based on that period of time after the offer.

**g.**     All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

28.     The Policy includes Endorsement AD 69 13 12 12, Limitation of Coverage to Designated Premises (the "Designated Premises Endorsement"), which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SCHEDULE**

**Premises:**

**1.     211 N. SHORE DRIVE, PITTSBURGH, PA 15212**

**Business Activities:**

This insurance applies only to:

**1.**     "Bodily injury", "property damage" and medical expenses for "bodily injury" caused by an "occurrence" that takes place in its entirety at the premises shown in the Schedule;

**2.**     "Personal and advertising injury" caused by an offense arising out of your business and committed at the premises shown in the Schedule; and

**3.**     "Bodily injury", "property damage", "personal and advertising injury" and medical expenses for "bodily injury" caused by "business activities" conducted by you.

"Business activities" means:

**1.**     Activities engaged in at or away from the premises shown in the Schedule for the sole purpose of operating or maintaining the designated premises; and

**2.**     Activities engaged in at or away from the premises shown in the Schedule for the sole purpose of evaluating other premises for acquisition or for addition to your ownership or management portfolio.

"Business activities" does not include business conventions, special events, sponsored events, sporting events, company picnics, fundraisers, or similar events or activities, unless specifically shown in the Schedule.

29.     The Policy also includes Endorsement AD 69 28 03 19, titled "Assault or Battery Event – Limited Coverage (CGL and Liquor Liability Coverage Forms)," (the "Assault & Battery Endorsement") which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

LIQUOR LIABILITY COVERAGE FORM

* * *

**A.**    Except to the extent coverage is afforded under **COVERAGE D** below, this insurance does not apply to "bodily injury", "property damage", "personal and advertising injury", "injury" or damages of any kind, including costs or expenses, actually or allegedly arising out of, related to, caused by, contributed to by, or in any way connected with:

**1.**    The actual, alleged or threatened assault or battery by anyone of any person while on or adjacent to the premises of any insured; or

**2.**    The actual, alleged or threatened assault or battery by anyone of any person if in any way connected with the operations of any insured; or

**3.**    The negligent employment, negligent investigation, negligent supervision, negligent reporting to the proper authorities or failure to so report, negligent retention or negligent hiring by any insured or any person or entity for whom any insured is or ever was legally responsible in claims alleging actual, alleged or threatened assault or battery by anyone of any person; or

**4.**    The failure of any insured or any person or entity for whom any insured is or ever was legally responsible to prevent, suppress, mitigate or respond to actual, alleged or threatened assault or battery by anyone of any person; or

**5.**    The failure of any insured or any person or entity for whom any insured is or ever was legally responsible to provide an environment safe from assault or battery, or to warn of the dangers of the

environment which could lead to or contribute to assault or battery; or

**6.** The assumption of the tort liability of another by any insured in any contract or agreement, including an "insured contract", if the claim arises out of Paragraphs **1** through **5** above.

**B.** When Paragraph **A.** above applies, Exclusion **a.** Expected Or Intended Injury of SECTION **I,** Paragraph **2.** Exclusions is deleted in its entirety.

**C.** When Paragraph **A.** above applies, the following enumerated offenses of the definition of "personal and advertising injury" are deleted:

**a.** False arrest, detention or imprisonment.

**b.** Malicious prosecution.

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.

**d.** Oral or written publication, in any manner, of material that violates a person's right of privacy.

**D.** We shall have no duty to investigate, defend, or indemnify any insured, indemnitee or another party against any loss, claim, "suit" or other proceeding alleging "bodily injury", "property damage", "personal and advertising injury", "injury" or damages of any kind to which Paragraph **A.** above applies.

## COVERAGE D – ASSAULT OR BATTERY EVENT LIABILITY

**1.** **Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" caused by an "assault or battery event" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" caused by an "assault or battery event" to which this insurance does not apply. We may, at our discretion, investigate any "assault or battery event" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Paragraph **3.** Sub-Limits of Insurance below; and

8

**(2)** Our right and duty to defend ends when we have used up the applicable sub-limit of insurance in the payment of judgments, settlements or Supplementary Payments under the insurance provided by this endorsement.

No other obligation or liability to pay sums or perform acts or services is covered.

**b.** The insurance provided by this endorsement applies to "bodily injury" caused by an "assault or battery event" only if:

**(1)** The "bodily injury" is caused by an "assault or battery event" that takes place in the "coverage territory";

**(2)** The "bodily injury" first occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of SECTION **II** – WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "assault or battery event" or claim, knew that the "bodily injury" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" occurred, then any continuation, change or resumption of such "bodily injury" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of SECTION **II** – WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "assault or battery event" or claim, includes any continuation, change or resumption of that "bodily injury" after the end of the policy period.

**d.** "Bodily injury" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of SECTION **II** – WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "assault or battery event" or claim:

9

    **(1)**    Reports all, or any part, of the "bodily injury" to us or any other insurer;

    **(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury"; or

    **(3)**    Becomes aware by any other means that "bodily injury" has occurred or has begun to occur.

**e.**    Damages because of "bodily injury" caused by an "assault or battery event" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2.**    **Exclusions**

All exclusions applicable to COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY and to LIQUOR LIABILITY COVERAGE also apply to the insurance provided by this endorsement.

**3.**    **Sub-Limits of Insurance**

**a.**    The Assault or Battery Sub-Limits of Insurance shown above and the rules below fix the most we will pay regardless of the number of:

    **(1)**    Insureds;

    **(2)**    Claims made or "suits" brought; or

    **(3)**    Persons or organizations making claims or bringing "suits".

**b.**    The Aggregate Sub-Limit shown above is the most we will pay for all "bodily injury" and Supplementary Payments as a result of all "assault or battery events", regardless of the number of Coverage Forms made part of this policy.

**c.**    Subject to the Aggregate Sub-Limit shown above, the Each Event Sub-Limit is the most we will pay for all "bodily injury" sustained by any one or more persons or organizations as the result of an "assault or battery event", regardless of the number of Coverage Forms made part of this policy. Supplementary Payments reduce the Each Event Sub-Limit.

**4.**    **Who Is An Insured**

**a.**    With respect to insurance provided by this endorsement, SECTION **II** – WHO IS AN INSURED does not include any person who

actually committed the "assault or battery event", aided and abetted others in the commission of the "assault or battery event", or directed, encouraged or coerced others to commit the "assault or battery event"; .

5. **Definition**

a. "Assault or battery event" means any act that includes physical assault or physical battery committed against an individual person by anyone. More than one "assault or battery event" committed against the same person will be deemed to be a single "assault or battery event".

## <u>Count I – Declaratory Judgment that Admiral has no Duty to Defend or Indemnify North Shore due to the Designated Premises Endorsement</u>

30.    Admiral incorporates the preceding paragraphs of this Complaint as though it set them forth fully in this Count.

31.    The Olexsovich Complaint alleges that, "At the time that Plaintiff was injured by the force used by [North Shore's] staff, Plaintiff had left [North Shore's] property." *See* Ex. A at ¶ 14.

32.    The Policy, via its Designated Premises Endorsement, limits the Policy's coverage to "bodily injury" caused by an "occurrence" that "occurs in its entirety" on the Designated Premises. *See* Exhibit B at Designated Premises Endorsement.

33.    The Olexsovich Complaint alleges that he suffered injuries away from the Designated Premises.

34.    Admiral has no duty to defend or indemnify North Shore because paragraph 14 of the Complaint expressly alleges and asserts that the incident occurred outside of the North Shore property. Accordingly, the unambiguous language of the Designated Premises Endorsement bars coverage.

**WHEREFORE**, Admiral demands judgment in its favor and against all others, including Declaratory Judgment that:

A.    Admiral has no duty to defend North Shore in the lawsuit captioned, *John Olexsovich v. North Shore Pub, LLC d/b/a McFadden's Restaurant &Saloon* pending in the Allegheny County Court of Common Pleas under docket number 23-GD-9397.

B.    Admiral has no duty to indemnify North Shore in the lawsuit captioned, *John Olexsovich v. North Shore Pub, LLC d/b/a McFadden's Restaurant &Saloon* pending in the Allegheny County Court of Common Pleas under docket number 23-GD-9397.

C.    Such other relief as the Court deems appropriate and just.

## Count II – Declaratory Judgment that Admiral has no Duty to Defend or Indemnify North Shore under Coverages A and B on the CGL Coverage Form

35.    Admiral incorporates the preceding paragraphs of this Complaint as though it set them forth fully in this Count.

36.    The Olexsovich Complaint alleges that North Shore's security personnel "tackled" Olexsovich after he left North Shore's Property. *See* Exhibit A at ¶ 9.

37.    Tackling someone constitutes an assault and/or battery.

38.    Coverages A and B under the CGL Coverage Form are subject to the Assault and Battery Endorsement, which excludes coverage for

> 1.    The actual, alleged or threatened assault or battery by anyone of any person while on or adjacent to the premises of any insured; or
>
> 2.    The actual, alleged or threatened assault or battery by anyone of any person if in any way connected with the operations of any insured; or
>
> 3.    The negligent employment, negligent investigation, negligent supervision, negligent reporting to the proper authorities or failure to so report, negligent retention or negligent hiring by any insured or any person or entity for whom any insured is or ever was legally responsible in claims alleging actual, alleged or threatened assault or battery by anyone of any person; or
>
> 4.    The failure of any insured or any person or entity for whom any insured is or ever was legally

responsible to prevent, suppress, mitigate or respond to actual, alleged or threatened assault or battery by anyone of any person; or

5.    The failure of any insured or any person or entity for whom any insured is or ever was legally responsible to provide an environment safe from assault or battery, or to warn of the dangers of the environment which could lead to or contribute to assault or battery; or

6.    The assumption of the tort liability of another by any insured in any contract or agreement, including an "insured contract", if the claim arises out of Paragraphs **1** through **5** above.

39.    The Olexsovich Complaint alleges conduct that falls within the scope of the Policy's Assault and Battery Endorsement.

40.    Therefore, the Policy's Assault and Battery Endorsement excludes coverage under Coverages A and B in the CGL Coverage Form.

**WHEREFORE**, Admiral demands judgment in its favor and against all others, including Declaratory Judgment that:

A.    Admiral has no duty to defend North Shore under the Policy's Coverages A and B in the lawsuit captioned, *John Olexsovich v. North Shore Pub, LLC d/b/a McFadden's Restaurant &Saloon* pending in the Allegheny County Court of Common Pleas under docket number 23-GD-9397.

B.    Admiral has no duty to indemnify North Shore under the Policy's Coverages A and B in the lawsuit captioned, *John Olexsovich v. North Shore Pub, LLC d/b/a McFadden's Restaurant &Saloon* pending in the Allegheny County Court of Common Pleas under docket number 23-GD-9397.

C.    Such other relief as the Court deems appropriate and just.

**Count III – Declaratory Judgment that if Admiral has any Duty to Defend or Indemnify North Shore, that Duty is Limited to coverage under the Policy's Coverage D**

41.     Admiral incorporates the preceding paragraphs of this Complaint as though it set them forth fully in this Count.

42.     Admiral pleads, in the alternative to Count I, that if it has a duty to defend North Shore in the Olexsovich Action, any such duty is limited to Coverage D under the Assault and Battery Coverage Form.

43.     Coverage D on the Assault and Battery Coverage Form provides coverage for Assault and Battery.

44.     The Olexsovich Complaint alleges an assault and battery sufficient to trigger Coverage D. See generally Exhibit "A."

45.     Admiral, if it has a duty to defend North Shore in the first instance, only has a duty to do so under Coverage D.

46.     Coverage D is subject to an eroding sub-limit of insurance reduced by supplementary payments, including Admiral's payment of North Shore's defense costs.

**WHEREFORE**, Admiral demands judgment, in the alternative, in its favor and against all others, including Declaratory Judgment that:

A.     Admiral has a duty to defend North Shore under the Policy's Coverages A and B in the lawsuit captioned, *John Olexsovich v. North Shore Pub, LLC d/b/a McFadden's Restaurant &Saloon* pending in the Allegheny County Court of Common Pleas under docket number 23-GD-9397 subject to and under the Policy's Coverage D.

B.     Admiral's duty to defend North Shore under the Policy's Coverages A and B in the lawsuit captioned, *John Olexsovich v. North Shore Pub, LLC d/b/a McFadden's Restaurant &Saloon* pending in the Allegheny County Court of Common Pleas under

docket number 23-GD-9397 subject to the Policy's Coverage D ends when Admiral exhausts the $250,000 sublimit of insurance, including by Admiral incurring expenses within the Policy's supplementary payments.

    C.    Such other relief as the Court deems appropriate and just.

**GOLDBERG SEGALLA LLP**

By:  /s/Sean P. Hvisdas
      Michael S. Saltzman, # 46708
      Sean P. Hvisdas, #317987
      Mailing Address:  PO Box 360, Buffalo NY 14201
      1700 Market Street, Suite 3232
      Philadelphia, PA 19103-3907
      Telephone:  267-519-6800
      *Attorneys for Plaintiff Admiral Insurance Company*

Dated: February 4, 2025